IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

KAREEMAH AMIRA JABBAR,

Plaintiff

v.                                            CIVIL 08-2408 (JA)

TRAVEL SERVICES, INC. et al,

Defendants

OPINION AND ORDER

This matter is before the court on motion to alter or amend judgment filed by plaintiff, Kareemah Amira-Jabbar, on August 9, 2010. (Docket No. 57.) Plaintiff's motion was opposed by the defendants, Travel Services, Inc., Joanne Ferguson, John Ross, Miguel Hernández-Roses and Gilbert Anthony Linares, on August 30, 2010. (Docket No. 60.) For the reasons set forth below, plaintiff's motion is hereby DENIED.

I. OVERVIEW

Plaintiff moves for reconsideration of the opinion and order issued by the court on July 28, 2010. See Fed. R. Civ. P. 59(e) (Docket No. 55.) According to plaintiff, by granting summary judgment in favor of the defendants the court incurred in manifest error inasmuch as: (1) inferences were not viewed in the light most favorable to her; (2) the jury's roll was usurped in determining whether she had complied with her burden in establishing a *prima facie* case of

CIVIL 08-2408 (JA)                            2

hostile work environment; (3) it was erroneously concluded that Title VII's anti-retaliation provisions did not extend to former employees; (4) the constructive discharge claim was not addressed when in fact she was constructively discharged from her employment with Travel Services, Inc. ("TSI"). (Id.) Defendants on the other hand argue that plaintiff's motion must be denied because no such errors were made. (Docket No. 60, at 2.)  In essence, the defendants claim that plaintiff's dissertation is a rehash of her previous arguments in opposition to the various motions for summary judgment filed in this case.  (Id.)

## II. STANDARD OF REVIEW

Under Fed. R. Civ. P. 59(e) a party has twenty eight (28) days upon "entry of judgment, to file a motion seeking to alter or amend said judgment. The rule itself does not specify on what grounds the relief sought may be granted, and courts have ample discretion in deciding whether to grant or deny such a motion." Colón v. Blades, ___ F. Supp. 2d ____, 2010 WL 3432602, * 1 (D.P.R. September 1, 2010) (quoting Candelario del Moral v. UBS Financial Services Inc. of Puerto Rico, ___ F. Supp. 2d ____, 2010 WL 1409433, * 2 (D.P.R. April 9, 2010) (citing Venegas-Hernández v. Sonolux Records, 370 F.3d 183, 190 (1st Cir.2004)).  Nevertheless, courts only grant a Rule 59(e) motion when "the

CIVIL 08-2408 (JA)                              3

movant shows a manifest error of law or newly discovered evidence." Rodríguez-Rivas v. Police Dept. of Puerto Rico, 699 F. Supp. 2d 397, 400 (D.P.R. 2010) (quoting Santiago-Sepulveda v. Esso Std. Oil Co. (P.R.), Inc., 638 F. Supp. 2d 193, 197 (D.P.R. 2009) (citing Prescott v. Higgins, 538 F.3d 32, 45 (1st Cir. 2008)). "Rule 59(e) may not, however, be used to raise arguments that could and should have been presented before judgment was entered, nor to advance new legal theories." Cintrón v. Pavia Hato Rey Hosp., 598 F. Supp.2d 238, 241 (D.P.R. 2009) (citing Bogosian v. Woloohojian Realty Corp., 323 F.3d 55, 72 (1st Cir.2003)).

### III. ANALYSIS

1. Reasonable Inferences

Plaintiff argues that the court did not make all reasonable inferences in her favor because it agreed with the defendants that she had failed to establish elements four, five and six of her *prima facie* case of hostile work environment. (Docket No. 57, at 2.) According to plaintiff, she provided evidence that showed that TSI knew or should have known of the harassment but that it failed to implement prompt and appropriate action. (Id.) Specifically, plaintiff claims that she demonstrated that when Mrs. Ferguson, TSI's Executive Vice-president, heard Mr. Ross say that she belonged on the side of the road in Loiza cooking with her

CIVIL 08-2408 (JA)                                    4

people, she did not take any corrective action. (Id.) Also, plaintiff claims that she showed that Mr. Ross used to make racial jokes about other ethnic groups and that TSI knew about it but that it never did anything. (Id.) In addition to proving these facts, plaintiff claims that she showed that it was an official practice at TSI to load company outing pictures on Facebook so all employees could have them, instead of sending them through email. (Id.)

The defendants do not contest that in assessing a motion for summary judgment, all reasonable inferences have to be made in favor of the non-moving party. (Docket No. 60, at 3.) However, the defendants do believe that plaintiff is inviting the court to make impermissible inferences by accepting self serving statements and conclusory allegations. (Id.) They argue that plaintiff cannot establish a *prima facie* case of race discrimination based on the three incidents that occurred within a period of more than a year because they did not rise to the degree severity or pervasiveness required. (Id. at 3-4.) As to plaintiff's allegation regarding the other comments allegedly made by Mr. Ross, the defendants argue that she does not have any personal knowledge that she herself heard the comments directly from him. (Id.) The defendants claim that even if it was assumed that the comments were in fact heard by plaintiff there is no evidence of how severe or frequent the comments were made or how they

CIVIL 08-2408 (JA)                          5

interfered with anyone's terms and conditions of employment. (Id.) With respect to plaintiff's allegation that it was a company policy to upload company activity pictures in Facebook, the defendants claim that there is no evidence that TSI or anyone else for that matter, ordered or encouraged any of its employees to upload company activity pictures, much less comment on them. (Id. at 5.)

"[W]hile it is true that, in the summary judgment context, a district court must draw all reasonable inferences in favor of the non-moving party, [it is] 'not obliged to accept as true or to deem as a disputed material fact, each and every unsupported, subjective, conclusory, or imaginative statement made to the Court by a party.'" Méndez-Aponte v. Puerto Rico, 656 F. Supp. 2d 277, 281 (D.P.R. 2009)(quoting Torrech-Hernández v. General Elec. Co., 519 F.3d 41, 47 (1st Cir.2008)). If the non-moving party relies on such statements summary judgment should be granted, even if it is an employment discrimination case "where elusive concepts such as motive or intent are at issue . . . ." Meuser v. Federal Express Corp., 564 F.3d 507, 515 (1st Cir. 2009) (quoting Medina-Muñoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990)); see also Feliciano de la Cruz v. El Conquistador Resort and Country Club, 218 F.3d 1, 5 (1st Cir. 2000).

CIVIL 08-2408 (JA)                                    6

Although plaintiff claims that Mrs. Ferguson was present when Mr. Ross allegedly made the derogatory comment during the Christmas party in December, 2006, she did not allege nor is there any evidence that shows that she complained about the incident. Instead she assumes that because Mrs. Ferguson was allegedly there when the incident occurred that she had the obligation to take an appropriate remedial action but that she failed to do so. Notwithstanding plaintiff's disbelief, the court did make all reasonable inferences in her favor. After plaintiff complained about the candy cane incident on December 1, 2007 an investigation was conducted the following day. Amira-Jabaar v. Travel Services, Inc., ___ F. Supp. 2d ____, 2010 WL 2989852, * 5 (D.P.R. July 28, 2010). As part of the investigation every incident that was brought to TSI's attention by plaintiff was investigated, including the incident involving Mr. Ross. Id. The investigation revealed that plaintiff did not know what the comment was that Mr. Ross allegedly had made because according to her the comment was made in Spanish. Id. Plaintiff only said that she believed that Mr. Ross's comment was racial in nature. Id. As a result, Mr. Ross was not reprimanded. Id.

In the complaint and in her deposition, plaintiff relates the comment that Mr. Ross allegedly made. (Docket No. 1, at 8-9, ¶¶ 41-42 & Docket No. 31-3, at 2-3.) However, when TSI investigated all of the incidents that plaintiff had

CIVIL 08-2408 (JA)                              7

complained off she did not know what exactly Mr. Ross had said. Thus, there being no proper explanation as to plaintiff's contradictory version as to this fact the court need not make unreasonable inferences in her favor. See Meuser v. Federal Express Corp., 564 F.3d at 515. Furthermore, the court cannot, as plaintiff suggests, infer that Mr. Ross did in fact make the alleged discriminatory comments to her in the presence of Mrs. Ferguson and that no remedial action was taken because according to her Mr. Ross used to make racial slurs which TSI knew about, but never did anything about. The court cannot draw any reasonable inferences from such an assertion. See Caban-Hernández v. Philip Morris USA, Inc., 486 F.3d 1, 8 (1st Cir. 2007) (holding that a court does not have "to draw unreasonable inferences or credit bald assertions, empty conclusions, rank conjecture, or vitriolic invective.") Having said that, there is also nothing that suggest that the court did not make reasonable inferences in favor of plaintiff regarding the Facebook incident. Plaintiff claims that it was a general practice at TSI to upload pictures on Facebook after every company outing. However, aside from plaintiff's deposition testimony there is no evidence that shows that the Facebook account belonged to TSI or that it condoned its use during company time. Hence, it cannot be assumed that TSI knew or should have known about the alleged discriminatory comment that was posted by Mr.

CIVIL 08-2408 (JA)                              8

Hernández. According to the record, when plaintiff finally complained about the incident to Mrs. Ferguson, TSI ordered its IT contractor to block access to the website for all office computers. Amira-Jabaar v. Travel Services, Inc., ___ F. Supp. 2d ____, 2010 WL 2989852, * 5 (D.P.R. July 28, 2010). Based on the foregoing, there is no question that plaintiff's allegations were taken as true and that all reasonable inferences were made in her favor.

    2. Credibility Determinations

Plaintiff argues that it is the role of the jury and not that of the court to determine whether or not her claims rose to the level of severity and pervasiveness required. (Docket No. 57, at 5.) The defendants nevertheless believe that the court's decision had nothing to do with credibility, but rather was based on the uncontested material facts that were supported by the evidence on the record. (Docket No. 60, at 5.)

It is well settled that "[c]redibility issues fall outside the scope of summary judgment." Méndez Montes De Oca v. Aventis Pharma, 579 F. Supp. 2d 222, 224 (D.P.R. 2008); CMI Capital Market Inv. LLC v. Municipality of Bayamón, 239 F.R.D. 293, 297 (D.P.R. 2006). Summary judgment may only be granted if there are no genuine issues as to any material fact. Zabala-Calderon v. United States, 616 F. Supp. 195, 198 (D.P.R. 2008) (quoting Fed. R. Civ. P. 56(c)). Accordingly,

CIVIL 08-2408 (JA)                              9

"[i]n characterizing the hostile or abusive workplace, courts have drawn a continuum between commonplace indignities and actionable harassment. Offhand remarks, simple teasing, tepid jokes, and isolated incidents are at one end of the continuum. This type of behavior, standing alone, usually does not amount to a hostile work environment. Severe or pervasive sexual remarks, innuendoes, ridicule, and intimidation fall at the other end of the continuum and may support a jury verdict finding a hostile work environment." Medina v. Adecco, 561 F. Supp. 2d 162, 171-73 (D.P.R. 2008) (citations omitted).

   Plaintiff is correct in that the court concluded that the defendants actions were not severe or pervasive enough as to establish a hostile work environment. Amira-Jabaar v. Travel Services, Inc., ___ F. Supp. 2d ____, 2010 WL 2989852, * 4 (D.P.R. July 28, 2010). However, in doing so the court did not determine where along the continuum the defendants' conduct lied. See Figueroa García v. Lilly Del Caribe, Inc., 490 F. Supp.2d 193, 204-05 (D.P.R. 2007). After looking at the totality of the circumstances the court found that the three incidents plaintiff complained of were merely isolated incidents involving offhand comments. Amira-Jabaar v. Travel Services, Inc., ___ F. Supp. 2d ____, 2010 WL 2989852, * 4 (D.P.R. July 28, 2010). As the record showed, the first incident involving Mr. Ross took place in December, 2006. Id. Nine months later in

CIVIL 08-2408 (JA)                              10

September, 2007 the Facebook incident occurred. Id. Finally, the last incident involving the candy cane took place in December, 2007. Id. Furthermore, the court also found that there was no evidence that plaintiff was physically threatened and that the defendants' conduct did interfere with her work performance. Id. Despite of this, plaintiff stresses that as in Danco, Inc. v. Wal-Mart Stores, Inc., 178 F.3d 8 (1st Cir. 1999) these incidents would have been enough to establish a hostile work environment. I disagree.

Although, the court did not explained why Danco was not controlling in this case it did considered it before ruling on the motion for summary judgment. The facts in Danco are distinguishable from those in this case. In Danco, the incidents alleged by plaintiff occurred within a period of one month, between October and November, 1994. Id. at 10-11. Unlike Danco, in this case the incidents alleged by plaintiff occurred over a span of a year. Also, although the incidents alleged in Danco were race related they involved physical violence, left long lasting effects and interfered with plaintiff's work. Id. at 16-17. Thus, the court's finding had nothing to do with credibility. Contrary wise, it was a matter of sufficiency of the evidence of which there was not enough.

3. Retaliation Claim

CIVIL 08-2408 (JA)                                       11

       Plaintiff argues that by determining that TSI was not her employer at the time the alleged retaliatory actions took place and at the time she engaged in the protected activity, the court erroneously concluded that Title VII's anti-retaliation provision did not extend to former employees. (Docket No. 57, at 7.) Plaintiff claims that even though she was not associated to TSI since December of 2007, it was not until September, 2008 when the Equal Employment Opportunity Commission ("EEOC") issued the Right to Sue letter that TSI first had the opportunity to retaliate against her. (Id.) She claims that due to the temporal proximity between the time the Right to Sue letter was issued and the time she was discharged, a reasonable jury could infer that TSI's reliance on the non-compete clause was a mere pretext in order to affect her relationship with her new employer, Dragonfly. (Id.) The defendants contend that no error was made in the assessment of plaintiff's claim. (Docket No. 60, at 7.)

       The court acknowledges that it erred in finding that plaintiff's retaliation failed because at the time the alleged discriminatory acts took place she was not TSI's employee. See Robinson v. Shell Oil Co., 519 U.S. 337, 346 (1997) (finding that the term "employees" as used in the anti-retaliation provisions of Title VII includes former employees). However, it held that even if TSI was considered plaintiff's employer at the time of the supposed retaliatory incidents she

CIVIL 08-2408 (JA)                             12

complained off, plaintiff's claim would have still failed. Amira-Jabaar v. Travel Services, Inc., ___ F. Supp. 2d ____, 2010 WL 2989852, * 8 (D.P.R. July 28, 2010).  The court reasoned that even though a causal connection could be established due to the temporal proximity between the alleged retaliatory actions and the issuance of the Right to Sue letter, the defendants' proffered reason for the adverse action was both legitimate and non-discriminatory. Id. As the record showed, TSI only communicated with Dragonfly, a direct competitor of TSI, after finding out it that plaintiff was working for them in order to let them know about the existence of the non-competition agreement. Id. Despite this, plaintiff failed to present any evidence that demonstrated that the defendants' proffered reason was pre-textual. Cachola-Bonilla v. Wyndham El Conquistador Resort & Country Club, 577 F. Supp. 2d 566, 584 (D.P.R. 2008) (noting that the plaintiff is the one who has the ultimate burden of showing that the proffered reason is pre-textual and the adverse employment decision was the result of the defendant's retaliatory animus).  Plaintiff simply believes that because there is a temporal proximity between the protected activity and the alleged retaliatory actions, the defendants' reliance on the non-compete clause is merely pre-textual.  Once again plaintiff relies on "subjective speculation and suspicion" to prove that  TSI's actions were in fact pre-textual. Amira-Jabaar v. Travel Services, Inc., ___ F. Supp. 2d ____,

CIVIL 08-2408 (JA)                        13

2010 WL 2989852, * 8 (D.P.R. July 28, 2010) (quoting <u>Mariani-Colón v. Dep't of Homeland Sec. ex rel. Chertoff</u>, 511 F.3d 216, 222 (1st Cir. 2007)).  Thus, the court correctly dismissed plaintiff's retaliation claim.

   4. Constructive Discharge Claim

Plaintiff asserts that like the hostile work environment claim the constructive discharge claim should have not been dismissed. (Docket No. 57, at 7 & 8.)  The defendants in turn argue that plaintiff's claim fails because there is nothing that suggests that the working conditions were so onerous, abusive, difficult or unpleasant that a reasonable person would have felt compelled to resign. (Docket No. 60, at 7.)

"The Supreme Court has indicated that the hostile work environment claim is a 'lesser included component' of 'the *graver* claim of hostile-environment constructive discharge.'" <u>Acosta v. Harbor Holdings & Operations, Inc.</u>, 674 F. Supp. 2d 351, 362 (D.P.R. 2009) (quoting <u>Pennsylvania State Police v. Suders</u>, 542 U.S. 129, 149 (2004)).  This means that the "[c]reation of a hostile work environment is a necessary predicate to a hostile-environment constructive discharge case ... [T]he only variation between the two claims is the severity of the hostile working conditions." <u>Id</u>.  Nevertheless, "the fact that [a] plaintiff endured a hostile work environment-without more-will not always support a

CIVIL 08-2408 (JA)                            14

finding of constructive discharge." Marrero v. Goya of Puerto Rico, Inc., 304 F.3d 7, 28 (1st Cir. 2002). This is so because the standard for a constructive discharge claim "is more onerous than the hostile work environment standard." Bodman v. Maine, ___ F. Supp. 2d ____, 2010 WL 2653388, * 6 (D. Me. June 22, 2010).

The court in this case did not err in dismissing plaintiff's constructive discharge claim. Plaintiff's claim was disposed of because she failed to make out a hostile work environment claim. Amira-Jabaar v. Travel Services, Inc., ___ F. Supp. 2d ____, 2010 WL 2989852, * 6 (D.P.R. July 28, 2010) (citing Dykstra v. First Student , Inc., 324 F. Supp. 2d 54, 68 (D. Me. 2004)). In the brightest of scenarios assuming that plaintiff did establish a *prima facie* case for hostile work environment, the court would have still dismissed her claim for constructive discharge. In order to prove her claim, plaintiff needed to "offer evidence of more severe harassment than that required for a hostile work environment claim." Luciano v. Coca-Cola Enterprises, Inc., 307 F. Supp. 2d 308, 320 (D. Mass. 2004) (Hernández-Torres v. Intercontinental Trading, Inc., 158 F.3d 43, 48 (1st Cir.1998)). However, plaintiff in this case failed to provide said evidence. Thus, plaintiff's constructive discharge claim was properly dismissed.

IV. CONCLUSION

CIVIL 08-2408 (JA)                                   15

For the reasons set forth above, plaintiff's motion to alter or amend judgment (Docket No. 57) is hereby DENIED.

At San Juan, Puerto Rico, this 10th day of September, 2010.

                                        S/JUSTO ARENAS
                               Chief United States Magistrate Judge